IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY J. DURLIN,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>Defendant. | No. 2:18-CV-2709-MCE-DMC<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

In this case, plaintiff names the Central Intelligence Agency as the only defendant. Plaintiff alleges defendant has committed "Constitutional Rights Violations, Human Rights Violations, Un [sic] Human torture treaty violations." Doc. 1, p. 4. According to plaintiff:

> This Agency has violated said rights and treatys [sic] for countless years and has caused many illnesses and I have had no rights mostly freedom of thought as I am in some sort of Brain Device operated by satelite [sic] and electrical laser beams. I've been in extreme pain for many years. They practice brain torture and eye torture daily.

Id. at 5.

Plaintiff seeks $2,000,000.00 in damages for "loss of Mental freedom, loss of freedom of thought and conscience, loss of dignity (through inhumane and degrading treatment through vulgar and hateful voices to ears and brain." Id. at 5-6.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). When applied to a complaint, the term "frivolous" embraces both the inarguable legal conclusion and the fanciful factual allegation. See Neitzke, 490 U.S. at 325. The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227. The court need not accept the allegations in the complaint as true, but must determine whether they are fanciful, fantastic, or delusional. See Denson v Hernandez, 504 U.S. 25, 33 (1992) (quoting Neitzke, 490 U.S. at 328). Finally, a complaint may be dismissed as frivolous if it merely repeats pending or previously litigated claims. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

In this case, the court finds plaintiff's claims to be frivolous because the factual allegation that laser beams from space are affecting plaintiff's brain and causing him to lose freedom of thought are fanciful, fantastic, and delusional. There is simply no arguable basis in fact to support plaintiff's allegations.

/ / /

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 23, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE